### Sherman C. Bishel et al. *v.* City of Middletown et al.

Superior Court      Middlesex County      File No. 13857

Memorandum filed January 23, 1959

*A. Robert Gordon,* of Middletown, for the plaintiffs.

*Robert S. Palmer* and *Walter D. Briggs,* both of Middletown, for the defendants.

Cotter, J. The plaintiffs seek to enjoin the mayor and treasurer of Middletown and the chairman and director of its redevelopment agency from holding a referendum on redevelopment of an area in the center of Middletown.

A former resolution was adopted by the common council upon which a referendum was held on June 23, 1958, to approve or disapprove a bond issue not to exceed $850,000 for the redevelopment project. At this special election the question of a sewer project was also included. Both questions were disapproved by a vote of 3555 to 2761. The present resolution, calling for another referendum to be held on January 26, 1959, was passed by the common council on November 3, 1958.

The common council is the pertinent legislative body in Middletown invested with the power to call a referendum concerning issuance of obligations gen-

erally by the municipality. The Redevelopment Act, chapter 130 of the 1958 Revision, §§ 8-124–8-162, has been declared constitutional; *Gohld Realty Co.* v. *Hartford,* 141 Conn. 135; and the city of Middletown "may acquire by eminent domain all property which the agency has determined to be essential to complete the acquisition and development of the area in question, including vacant and unimproved land and structures not in themselves substandard." Id., 147.

There is no question that there is hardship upon the part of landowners, tenants and others where more than one election is held. Naturally, even the first creates an expenditure of public funds and may result in economic hardship, but this is inherent in any substantial public project, whether it be schools, sewers or any public undertaking. The exercise of legislative power cannot be limited by an assertion of economic hardship. The wisdom of the proposed public undertaking lies with the legislative body, subject to the approval of the people. The courts cannot determine the expediency of such action as is here proposed. The prior rejection by the voters cannot restrict the legislative body from again considering the matter, subject to statutory requirements of public approval. The determination of when the public mandate is to be invoked is within the discretion of the legislative agency. 8 McQuillin, Municipal Corporations (3d Ed.) § 25.68. The court cannot circumscribe the exercise of the power of the council. Our Supreme Court of Errors has succinctly stated: "We did not intend . . . to place the legislative body of a municipality in a strait jacket. . . . The necessity for legislative action, like the expediency and wisdom of an enactment, is a question which lies beyond the judicial realm." *Winslow* v. *Zoning Board,* 143 Conn. 381, 390, 391. Dissatisfaction, if any exists, with the action of the legislative

body can be expressed by the electorate at the proper time rather than by the courts, unless a clear violation of the law can be found.

No charter or statutory restriction has been placed upon the common council with respect to the frequency of submitting such a question to the voters. A measure defeated at the polls without such a restriction may be resubmitted to the people at the will of the legislative body. *Smith* v. *Livingston County,* 195 Ky. 382; note, 33 A.L.R.2d 1118, 1125. The court cannot by its opinion create a restriction which does not so exist. To create a standard as to time within which resubmission may take place would be to legislate by judicial decree. This it cannot do.

The application for a temporary injunction is denied.